IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CITY OF NATCHEZ, MISSISSIPPI                                    PLAINTIFF

V.                                          CAUSE NO. 5:18-CV-10-DCB-MTP

TITAN TIRE CORPORATION OF NATCHEZ                               DEFENDANT

ORDER AND OPINION

Before the Court is a Motion to Remand **[Doc. 7]** filed by the Plaintiff, the City of Natchez, Mississippi (the "City").

**Background**

The City sued Titan Tire Corporation of Natchez ("Titan") in Adams County Circuit Court, alleging Titan breached a lease that it was assigned when it bought the assets of the bankrupt Condere Corporation in an 11 U.S.C. § 363 sale completed two decades ago.

Titan removed the case to this Court, invoking federal bankruptcy jurisdiction.[1] Titan casts the City's suit as a "collateral attack" on the § 363 sale and insists that all claims the City asserts at least "relate to" the Condere Corporation bankruptcy.

The City moves to remand and asks the Court to award it the costs it incurred opposing removal.

---

[1] The parties are non-diverse, and the City's complaint does not present a federal question; the only arguable source of jurisdiction is bankruptcy jurisdiction under 28 U.S.C. § 1334.

I

The Court has original but not exclusive jurisdiction of civil proceedings arising under, arising in, or related to cases under title 11 of the United States Code. 28 U.S.C. § 1334(b). Because these categories operate conjunctively, the Court need only ask if this case at least "relates to" a case under title 11. In re Bass, 171 F.3d 1016, 1022 (5th Cir. 1999).

A proceeding "relates to" a case under title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Wood, 825 F.2d 90, 93 (5th Cir. 1987) (Wisdom, J.) (internal quotations omitted).

A

Titan does not explain how the outcome of this case could "conceivably have any effect" on the estate of the Condere Corporation. Wood, 825 F.2d at 93. Instead, Titan points to the bankruptcy court's jurisdiction to interpret its § 363 order approving the sale of the Condere Corporation's assets to Titan.

Titan insists that bankruptcy jurisdiction exists because this suit "collaterally attacks" the bankruptcy court's § 363 order.[2] And because that § 363 order permitted Titan to buy the Condere Corporation's assets "free and clear" of interest, Titan

---

[2] For the order and opinion approving the § 363 sale, see In re Condere Corp., 228 B.R. 615 (Bankr. S.D. Miss. 1998).

continues, the City's allegation that Titan breached lease obligations arising from the § 363 order is, in fact, a challenge to the § 363 order itself.[3]

B

Titan attempts to substitute a § 363 sale for a statutory grant of federal bankruptcy jurisdiction.[4] And in so doing, it misunderstands that a federal court "may not retain jurisdiction it never had." Gupta v. Quincy Med. Ctr., 858 F.3d 657, 663 (1st Cir. 2017).

The bankruptcy court never had jurisdiction of the state-law claims the City asserts. Thus, there is no jurisdiction to "retain." See Syracuse v. Valero Energy Corp., 2004 WL 1336403, at *4 (E.D. La. 2004) (argument that federal jurisdiction existed because suit raising only state-law issues required court to interpret § 363 order was "without merit").

Besides, Titan overstates the incongruence of the § 363 sale with the City's suit. The latter is not a "collateral attack" on the former. Through the § 363 sale, Titan was assigned the "real estate and equipment lease with the City of Natchez." [Doc. 1-1,

---

[3] In § 363 sales, estate property may be sold "free and clear of any interest." 11 U.S.C. § 363(f).

[4] Under Titan's theory, bankruptcy jurisdiction would be present whenever a dispute is in any way traceable to rights and obligations acquired through a bankruptcy sale. This is too broad an interpretation of bankruptcy courts' limited jurisdiction. See In re Majestic Energy Corp., 835 F.2d 87, 89 (5th Cir. 1988); In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987) (Easterbrook, J.).

p. 230, 239] Those lease obligations were incorporated in — not obviated by — the bankruptcy-court-approved § 363 sale.[5] If Titan objected to the § 363 sale order's inclusion of those lease obligations, it could have timely appealed the order. See FED. R. BANKR. P. 8002. It did not.

The City's allegation that Titan breached a lease it was assigned through the § 363 sale order is not an "attack" on that order. The Court declines to extend federal bankruptcy jurisdiction beyond its statutory limits and finds that Titan has not met its burden of proving federal jurisdiction. See Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013).[6]

II

Next, the City contends that Titan's removal was objectively unreasonable and asks the Court to award it the costs and expenses it incurred as a result.

A

The Court may require Titan, as the removing party, to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

---

[5] The Term Sheet of the § 363 sale, for example, states that the sale "include[s] the assumption by Condere and assignment to Titan Tire Corporation of Mississippi, or its designee . . . of all executory contracts and unexpired leases." [Doc. 1-1, p. 152]

[6] Because the Court concludes that it lacks subject-matter jurisdiction, it need not address the City's abstention and equitable remand arguments.

4

An award of costs under § 1447(c) is not a sanction, News-Texan, Inc. v. City of Garland, Tex., 814 F.2d 216, 220 (5th Cir. 1987), and is appropriate only if Titan lacked an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although Titan's theory of removal lacked merit, it was not "objectively unreasonable" in light of "relevant case law on subject-matter jurisdiction at the time of removal." CamSoft Data Sys., Inc. v. Southern Elec. Supply, Inc., 638 F. App'x 255, 260 (5th Cir. 2015) (per curiam) (internal quotations omitted).

Titan's erroneous theory of removal appears to stem from an incautious reading of opinions on bankruptcy jurisdiction — not ill motive or disdain for precedent. The Court therefore declines to award costs to the City under § 1447(c).

### III

Titan has not shown that this action arises under, arises in, or is related to a case under title 11 of the United States Code; nor has it directed the Court to an alternative basis for federal jurisdiction. The Court lacks subject-matter jurisdiction, and remand is required.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff City of Natchez, Mississippi's Motion to Remand **[Doc. 7]** is GRANTED IN PART as to its request to remand this action but DENIED IN PART as to its request for an award of costs under 28 U.S.C. § 1447(c).

FURTHER ORDERED that Defendant Titan Tire Corporation of Natchez's Motion to Dismiss **[Doc. 4]** is DENIED AS MOOT.

A separate Order of Remand transferring this action to the Circuit Court of Adams County, Mississippi shall issue this day.

SO ORDERED, this the 14th day of March, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE